# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA

**JORDAN COPELAND,** individually and )
on behalf of all others similarly situated, )
                                                  )
          *Plaintiffs*,           )
                                     )  **Case No.**
     **v.**                                 )
                                     )
**PARLER, INC.,**               )
                                     )
          *Defendant*.         )

## NOTICE OF REMOVAL

Please take notice that pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453, Defendant Parler, Inc. ("Parler") removes this civil action to the United States District Court for the Northern District of Florida from the Circuit Court of the First Judicial Circuit in and for Santa Rosa County, Florida. In support of this Notice of Removal, Defendant states as follows:

## BACKGROUND

1. By Complaint dated September 19, 2022, Jordan Copeland ("Copeland") filed a putative class action against Parler on behalf of himself and other putative class members ("Plaintiffs") in the Circuit Court of the First Judicial Circuit in and for Santa Rosa County, Florida. The Complaint has been assigned docket number 22-633-CA in state court.

2. On or about September 23, 2022, Copeland served Parler with the Complaint via Parler's registered agent. A true and correct copy of the papers served on Parler are attached as **Exhibit A**, including the summons, transmission receipts, and the Complaint.

3. The Complaint alleges two claims: (1) violations of the Telephone Consumer Protection Act ("TCPA"), a federal law codified at 47 U.S.C. § 227 as well as its implementing regulations, and (2) similar violations of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059.

4. The Complaint asserts claims arising from Parler's alleged transmission of "numerous telephonic sales calls" to Copeland's cellular phone, **Ex. A, Complaint at ¶11**, while at the same time Copeland was allegedly registered with the national do not call registry. **Ex. A, Complaint at ¶13.** Copeland alleges that he and other members of the putative class did not consent to receive these telephonic transmissions. **Ex. A, Complaint at ¶16.** The Complaint further alleges that the text messages at issue were sent utilizing a computer software system that automatically selected and dialed Copeland's and the class members' telephone numbers. **Ex. A, Complaint at ¶21.** Copeland brings this action as a class action on behalf of two distinct putative classes, **Ex. A, Complaint at ¶23**, described in more detail below.

5. As discussed below and based on the face of the Complaint, this is a civil action over which this Court has original federal question jurisdiction under 28

U.S.C. § 1331 and which may be removed to this Court by Parler pursuant to the provisions of 28 U.S.C. §§ 1441, 1446, and 1453. Alternatively, this Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Because the state law claim asserted in the Complaint is so related to the federal claim that it forms part of the same case or controversy, this Court may also exercise supplemental jurisdiction over the state law claim. 28 U.S.C. § 1367.

**I.     This Court has Federal Question Jurisdiction over the TCPA Claims.**

6. The Complaint alleges violations of federal law: the Telephone Consumer Protection Act, 47 U.S.C. § 227, and its implementing regulations. **Ex. A, Complaint at ¶¶1, 10, 19, 33-40.**

7. Because the Complaint includes a claim against Parler under the TCPA, a federal statute, this action is one which arises under the "laws…of the United States" and over which this Court has original jurisdiction. 28 U.S.C. § 1331. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441. *See Mims v. Arrow Fin. Servs. LLC*, 565 U.S. 368 (2012); *see also Balthazor v. Cent. Credit Servs.*, Inc., 475 F. App'x 716, 717 (11th Cir. 2012) (*Mims* "now provides that federal courts have concurrent federal question jurisdiction over private suits arising under the TCPA.").

8. As addressed below, the Court can and should exercise its supplemental jurisdiction over the related state law claim.

3

**II.     Alternatively, this Court has Jurisdiction over this Action Pursuant to the Class Action Fairness Act, 28 U.S.C. 1332(d).**

9. Though this Court plainly has federal question jurisdiction over this action, the Court also has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. 1332(d). The action is pled as a class action, sufficient diversity exists, the proposed class has at least 100 putative class members, and the proposed class asserts an aggregate amount in controversy of $5,000,000 or more, exclusive of interest and costs. *See id*.

10. "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554, 190 L.Ed.2d 495 (2014). Unlike ordinary cases, there is no presumption against removal in CAFA cases. *Id.* at 89, 135 S. Ct. at 554 ("It suffices to point out that no antiremoval presumption attends cases invoking CAFA.").

     **a. This action is a "Class Action" for purposes of CAFA.**

11. Under CAFA, "'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B).

12. The Complaint is captioned as a "Class Action Complaint," seeks certification of two distinct Classes, and expressly states that "Plaintiff, Jordan

4

Copeland, brings this class action against Defendant Parler, Inc….." **Ex. A, Complaint at p.1**.

13. The Complaint also invokes the Florida court's jurisdiction pursuant to Florida Rule of Civil Procedure 1.220, which is entitled "Class Actions." See **Ex. A, Complaint at ¶7**. Rule 1.220 authorizes an action to be brought by one or more representative parties as a class action.

14. This action is a "class action" as defined by CAFA.

### b. There is sufficient diversity of citizenship.

15. CAFA's minimal diversity requirement is satisfied when "[a]ny member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2). There is at least minimal diversity of citizenship here because Parler, the sole defendant, is a citizen of different states than Copeland, the only named plaintiff. See *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1288 (11th Cir.1998) (noting "the well-settled rule for class actions that a court should consider only the citizenship of the named parties to determine whether there is diversity jurisdiction.")

16. Copeland alleges in the Complaint that he is a citizen and resident of Santa Rosa County, Florida. See **Ex. A, Complaint at ¶5**.

17. The Complaint names a single defendant: Parler. *See* **Ex. A, Complaint.**

18.  Parler is a corporation. For purposes of diversity, "a corporation shall be deemed a citizen of every State . . . by which it has been <u>incorporated</u> and of the State…where it has its <u>principal place of business</u>." *See* 28 U.S.C. §1332(c)(1) (emphasis added).

19.  As the Complaint alleges (**Ex. A, Complaint at ¶6**), Parler currently is incorporated in Delaware and Parler's principal place of business at the time of the filing of the Complaint is in Tennessee. Accordingly, Parler is a citizen of Delaware and Tennessee.

20.  CAFA's minimal diversity requirement is met here because Copeland, the only named plaintiff, is a citizen of Florida and Parler is a citizen of Delaware and Tennessee.

### c.  The putative class exceeds 100 members.

21.  The putative class exceeds CAFA's requirement of at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

22.  Copeland purports to bring claims on behalf of two proposed classes. The first is the "No Consent Class" consisting of "[a]ll person in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff [Copeland]." **Ex. A, Complaint at ¶23**. The second is the "Do Not Call Registry Class" consisting of "[a]ll persons in the United States who from four years prior to

the filing of this action (1) were sent a call or text message by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it did not obtain prior express written consent, or (b) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff." *Id.*

23.    The Complaint itself alleges that that "Plaintiff does not know the number of members in the Class but believes the Class members number *in the several thousands, if not more*." See **Ex. A, Complaint at ¶24** (emphasis added). It further alleges that "[u]pon information and belief, Defendant has placed automated calls to cellular telephone numbers belonging to *thousands of consumers throughout the United States* who are listed on the national do-not-call registry without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable." **Ex. A, Complaint at ¶25** (emphasis added).

24.    Per Plaintiffs' own allegations, the putative Class has more than 100 members. *See* 28 U.S.C. § 1332(d)(5)(B).

7

> **d. The amount in controversy is greater than five million dollars ($5,000,000).**

25. CAFA confers jurisdiction to the United States district courts over class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(d)(2). To determine whether the matter in controversy exceeds CAFA's $5,000,000 threshold, "the claims of the individual class members shall be aggregated[.]" 28 U.S.C. § 1332(d)(6).

26. When considering whether a defendant has established the requisite amount in controversy for removal under CAFA, a district court looks to "the notice of removal and accompanying documents." *Lowery v. Ala. Power Co.,* 483 F.3d 1184, 1214 (11th Cir. 2007). This includes, of course, the complaint. *See id.* at 1213. "Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 752 (11th Cir. 2010) (internal quotation marks omitted).

27. "A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). Therefore, "the pertinent question is what is <u>in controversy</u> in the case, not how much the plaintiffs are

8

ultimately likely to recover" as a result of the lawsuit. *Id.* (internal quotation marks omitted); *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 91 (11th Cir. 2014) ("The amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." (internal quotation marks omitted)).

28. The Complaint seeks actual and statutory damages, including treble damages for willful and knowing misconduct. *See* **Ex. A, Complaint at ¶¶40, 48.**

29. The Complaint alleges that Copeland and each putative class member—which allegedly number in the thousands—is entitled to actual and statutory damages, with the claimed statutory damages alone amounting to $500 per violation—that is, per text message sent without consent—subject to potential trebling as claimed in the Complaint. *See* **Ex. A, Complaint at ¶¶39, 48.** The Complaint itself states that "the aggregate damages sustained by the Class are in the millions of dollars…" **Ex. A, Complaint at ¶31.**

30. The Complaint alleges that "Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more." *See* **Ex. A, Complaint at ¶24**. Additionally, the Do Not Call Registry Class is defined to include any person that allegedly received multiple messages from or on behalf of Parler in the past four years, **Ex. A, Complaint at ¶23,** a time frame which expands the size of the putative class.

9

31. Copeland himself asserts that he received "numerous telephonic sales calls" over the past year, **Ex. A, Complaint at ¶11**, and that his claims are "typical of the claims of the Class members…" **Ex. A, Complaint at ¶¶29.** Thus, the Complaint seeks damages on behalf of a class of thousands of individuals at a rate of at least $500 and up to $1,500 for each text message allegedly sent without the recipient's consent, plus actual damages for each of the thousands of putative class members.

32. Finally, the Complaint seeks injunctive relief against Parler. **Ex. A, Complaint Prayer for Relief**. The Eleventh Circuit has held that "[f]or amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (quoting *Ericsson GE Mobile Commc'ns, Inc. v. Motorola Commc'ns & Elecs., Inc.*, 120 F.3d 216, 218–20 (11th Cir. 1997)). Stated another way, "the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." *Id.* (quotation marks omitted). Thus, the value of the injunctive relief requested must be counted when determining that more than $5 million is at controversy in this matter.

33. While Defendant denies that Copeland and the putative class members are entitled to an award in this action based upon the lack of merit associated with

the claims asserted in the Complaint, Copeland alleges that several thousand class members (**Ex. A, Complaint at ¶24**) are entitled to actual damages plus a minimum of $500 (**Ex. A, Complaint at ¶¶39, 48**) per violation per person, subject to trebling. Thus, the "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. 1332(d)(2).

34. Parler provides the above calculations only to demonstrate that the amount in controversy exceeds $5,000,000. Parler makes no admission of liability or damages with respect to any aspect of this case, nor does Parler waive its right to ultimately contest the proper amount of damages due, if any, should Plaintiffs prevail on any claims. While Defendant denies Plaintiff is entitled to any recovery and expects that it will prevail fully in this matter, as a purely jurisdictional matter, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. 1332(d)(2).

    e. **No exception to CAFA jurisdiction applies here.**

35. A district court is required to decline to exercise jurisdiction under CAFA if certain explicit conditions are present. See 28 U.S.C. § 1332(d)(4). Those conditions are not present here. The sole named Defendant—Parler—is not a citizen of Florida, as stated above. See 28 U.S.C. § 1332(d)(4)(A)(i) (local controversy exception applies only if at least one defendant is a citizen of the state in which the action was originally filed); § 1332(d)(4)(B) (home-state controversy exception also

applies only if at least one defendant is a citizen of the state in which the action was filed); 28 U.S.C. § 1332(d)(3) (discretionary exception applies only if primary defendants are citizens of the state in which the action was filed).

36. Accordingly, this Court has jurisdiction over this matter pursuant to CAFA

### III. This Court Can and Should Exercise its Supplemental Jurisdiction over The Related State Law Claim.

37. To the extent that Complaint asserts claims under Florida law, this Court has supplemental jurisdiction over those claims because they are so related to the federal claims that they are part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367. *See Hudson v. Delta Air Lines, Inc.,* 90 F.3d 451, 455 (11th Cir.1996) (in determining whether state law claims "are so related" to a federal claim, a court should examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence"). Here, both the TCPA and FTSA claims arise from the same facts, involve similar occurrences, and will succeed or fail based on the same evidence, chiefly, whether Parler is responsible for the text messages allegedly received by the Plaintiffs.

38. Indeed, the state and federal claims rely on the same theory—that Parler violated telemarketing requirements by allegedly sending text messages to Copeland and other members of the putative classes who did not consent to receiving those messages.

39. Each of the claims arises out of the same basic allegations. The Complaint alleges that the basis of the TCPA violation is that Parler sent telephone solicitations to Copeland and the Do Not Call Registry Class after those Copeland's and the putative class members' consent was allegedly withdrawn by placing their names on the registry. **Ex. A, Complaint at ¶38.** The TCPA claim states that despite those Copeland's and the putative class members' registration on a list maintained by the federal government of individuals who do not wish to receive telephone solicitations, Parler nevertheless sent those solicitations. The Florida Telephone Solicitation Act claim on behalf of Copeland and the No Consent Class likewise raises the question of whether Parler had consent before allegedly sending the text messages. **Ex. A, Complaint at ¶45.**

40. Because the state FTSA claim is so related to the federal TCPA claim in this action that they form part of the same case or controversy under Article III of the United States Constitution, and the TCPA claims are within the Court's original jurisdiction, the Court can and should exercise its supplemental jurisdiction over the FTSA claim. 28 U.S.C. § 1367.

IV. <u>**Venue and Procedural Matters.**</u>

41. Venue for this removal action is proper in the United States District Court for the Northern District of Florida because the territorial jurisdiction of this Court includes the Circuit Court of the First Judicial Circuit in and for Santa Rosa

County, Florida in which Copeland filed the Complaint. Additionally, Copeland alleges that he received the subject text messages within "this judicial circuit and, therefore, Defendant's violation of the TCPA and FTSA occurred within this circuit." Ex. A at ¶12. Therefore, removal to this Court is proper under 28 U.S.C. § 1441(a).

42. Parler is the only defendant named in the action and consents to removal.

43. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely and proper because thirty (30) days have not expired since Parler was served with the Complaint, the initial pleading setting forth the claim for relief and containing grounds for removal.

44. No claim in this matter has been made non-removable by statute.

45. **Exhibit A** hereto includes any and all processes, pleadings, and orders served upon Parler as of the date of this Notice, as required by 28 U.S.C. § 1446(a). Parler will supplement the record with a copy of each paper filed or served in state court within fourteen days of this notice as required by N.D. Fla. Loc. R. 7.2(a).

46. Concurrently with the filing of this Notice of Removal in this Court, Parler will provide written notice of the filing of this Notice of Removal to all parties in this action and will file a copy of this Notice of Removal with the clerk of the state court where the action is pending pursuant to 28 U.S.C. § 1446(d).

47. By removing this matter to this Court, Parler does not waive its rights to assert any and all defenses and/or objections in this action, including any right to assert that courts in the State of Florida lack jurisdiction over these claims.

48. The undersigned is counsel for and is duly authorized to effect removal on behalf of Parler.

## CONCLUSION

49. As established above, this Court has federal question jurisdiction over this action because it "aris[es] under the…laws…of the United States." 28 U.S.C. § 1331.

50. Alternatively, and in addition to this Court's federal question jurisdiction, this Court may properly exercise jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), as the parties are diverse, the Complaint asserts that the class includes more than 100 members, and the amount in controversy is greater than five million dollars ($5,000,000).

51. This Court may also exercise its supplemental jurisdiction over the similar and related state law claims asserted in the Complaint, as those "claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367.

**WHEREFORE**, Parler respectfully requests that this action be removed from the Circuit Court of the First Judicial Circuit in and for Santa Rosa County, Florida and that this Court take jurisdiction over any and all further proceedings.

Dated: October 21, 2022

                                                  **Respectfully Submitted,**

By: */s/ Nicholas Morcom*
Nicholas W. Morcom
Florida Bar No. 0013767
Woolsey Morcom
203 Fort Wade Road, Suite 105
Ponte Vedra, Florida 32081
(904) 638-4235 (telephone)
(904) 638-9302 (facsimile)
nick@woolseymorcom.com
lynda@woolseymorcom.com

**GRAVES GARRETT, LLC**
Edward D. Greim, MO Bar #54034*
James Humphrey, MO Bar #50200*
**Pro Hac Vice Motions Forthcoming*
Graves Garrett, LLC
1100 Main Street, Suite 2700
Kansas City, MO 64105
Telephone: (816) 256-3181
Fax: (816) 256-5958
edgreim@gravesgarrett.com
jhumphrey@gravesgarrett.com

***Attorneys for Defendant***

## **CERTIFICATE OF SERVICE**

This certifies that on the 21st day of October 2022 the above and foregoing was filed via the Court's electronic (ECF) filing/notification system, and a copy of the same was served via U.S. Certified mail and electronic mail to:

| | |
|---|---|
| **Shamis & Gentile, P.A.** | **Edelsberg Law, P.A.** |
| Andrew J. Shamis, Esq. | Scott Edelsberg, Esq. |
| Garrett O. Berg, Esq. | Christopher Gold, Esq. |
| 14 NE 1st Avenue, Suite 705 | 20900 NE 30th Ave., Suite 417 |
| Miami, FL 33132 | Aventura, FL 33180 |
| ashamis@shamisgentile.com | scott@edelsberglaw.com |
| gberg@shamisgentile.com | chris@edelsberglaw.com |
| | |
| *Co-Counsel for Plaintiff Copeland and Putative Class* | *Co-Counsel for Plaintiff Copeland and Putative Class* |

                                                    */s/ Nicholas W. Morcom*
                                                           Attorney