# Exhibit A



Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 15
SafetySeal(101761)

TERRI THONGSAVAT
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS  TX 75201

**1.0 LBS LTR**         **1 OF 1**

**SHIP TO:**
MIKE  HEBERT
2149323601
PARLER, INC
901 WOODLAND ST STE 104
**NASHVILLE  TN  37206**

**TN 372 9-01**

**UPS NEXT DAY AIR**         **1**
TRACKING #: 1Z X21 278 01 0591 6095

BILLING: P/P

Reference No.1: SOP/2401130/542365083/CT SOP Custo
XOL 22.09.02        NV45 39.0A 09/2022*

1947030

14

Origin: Wolters Kluwer UPS 562130

**CT  Packing Slip**

**CT Corporation**

| | |
|---|---|
| **UPS Tracking # :** | 1ZX212780105916095 |
| **Created By :** | BATCH BATCH |
| **Created On :** | 09/23/2022 02:39 PM |
| **Recipient :** | |

| **Mike Hebert** | |
|---|---|
| Title : | -- |
| Customer : | PARLER, INC |
| Address : | 901 WOODLAND ST STE 104 |
| Email : | mhebert@parler.com |
| Phone : | Fax :      - |

**Package Type :**   Envelope

**Items shipped :**   1

| Log # | Case # | Entity Name |
|---|---|---|
| 542365083 | 22633CA | Parler Inc. |

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
09/23/2022
CT Log Number 542365083

## Service of Process Transmittal Summary

**TO:**   Mike Hebert
PARLER, INC
901 WOODLAND ST STE 104
NASHVILLE, TN 37206-3792

**RE:**   **Process Served in Tennessee**

**FOR:**   Parler Inc.  (Domestic State: DE)

ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:

| | |
|---|---|
| **TITLE OF ACTION:** | JORDAN COPELAND, individually and on behalf of all others similarly situated vs. Parler, Inc. |
| **CASE #:** | 22633CA |
| **PROCESS SERVED ON:** | C T Corporation System, Knoxville, TN |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/23/2022 at 11:54 |
| **JURISDICTION SERVED:** | Tennessee |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780105916095 |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>300 Montvue RD<br>Knoxville, TN 37919<br>877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA

CASE NO. **22-633-CA**

JORDAN COPELAND, individually and on behalf of
all others similarly situated,

       *Plaintiff,*

vs.

PARLER, INC.,

       *Defendant.*

_____/

CLASS ACTION

JURY TRIAL DEMANDED

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO:    PARLER, INC.
       Attn: CT Corporation System- Registered Agent
       300 Montvue Road
       Knoxville, TN 37919

       Each Defendant is required to serve written defenses to the Complaint or petition on: **Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132,** within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the complaint or petition.

Dated this **SEPTEMBER 19, 2022**

eSigned by Brenda Lambrisky
on 09/19/2022 15:47:33 OOXNHMdw

As Deputy Clerk

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL CIRCUIT
IN AND FOR SANTA ROSA COUNTY, FLORIDA

Case No.

JORDAN COPELAND, individually
and on behalf of all others similarly situated,

            **CLASS ACTION**

  Plaintiff,

vs.

            **JURY TRIAL DEMANDED**

PARLER, INC.,

  Defendant.

_____/

## CLASS ACTION COMPLAINT

Plaintiff, Jordan Copeland, brings this class action against Defendant Parler, Inc., and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1.  This is a class action under the 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA") and under the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059, as amended by Senate Bill No. 1120.[1]

2.  Defendant is a social networking service and platform. Defendant generates profits though ad revenue on its network and through the promotion of other products.

3.  To promote its goods and services, Defendant engages in aggressive telephonic sales calls to consumers without having secured prior express written consent as required under the FTSA, and with no regards for consumers' rights under the TCPA.

_____

[1] The amendment to the FTSA became effective on July 1, 2021.

4.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct. Plaintiff also seeks statutory damages on behalf of himself and Class Members, as defined below, and any other available legal or equitable remedies resulting from the illegal actions of Defendant.

5.      Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Santa Rosa County, Florida, and the subscriber and user of the cellular telephone number 205-***-3848 (the "3848 Number").

6.      Defendant is, and at all times relevant hereto was, a Delaware corporation and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Nashville, Tennessee. Defendant directs, markets, and provides business activities throughout the State of Florida and the United States.

## JURISDICTION, VENUE, AND STANDING

7.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

8.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state.  Defendant initiated and directed, or caused to be initiated and directed by its agent(s), telemarketing and/or advertising text messages into Florida to consumers listed on the National do-not-call registry and without the requisite prior express written consent in violation of the TCPA. Specifically, Defendant initiated and directed, or caused to be initiated and directed by its agent(s), the transmission of unsolicited text message to Plaintiff in Florida. Plaintiff received such message while residing in and physically present in Florida.

9.    Venue for this action is proper in this Court because all facts giving rise to this action occurred in this circuit.

10.    Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA, and because he is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## FACTS

11.    Over the past year, Defendant sent numerous telephonic sales calls to Plaintiff's cellular phone, including but not limited to the below on or about December 16, 2021:



12.    Plaintiff received the subject text message within this judicial circuit and, therefore, Defendant's violation of the TCPA and FTSA occurred within this circuit.

13.     Plaintiff's 3848 number has been registered with the national do-not-call registry since June 17, 2016, and at all times relevant to this action.

14.     The purpose of Defendant's text message was to promote and solicit its goods and services.

15.     Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

16.     At no point in time did Plaintiff provide Defendant with his express consent to be contacted.

17.     Upon information and belief, Defendant caused similar text messages to be sent to individuals residing within this judicial circuit.

18.     Plaintiff is the sole user and/or subscriber of the cellular telephone number that received the above text message.

19.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

20.     The text message originated from telephone number 89331, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

21.     To transmit the above telephonic sales call, Defendant utilized a computer software system that automatically selected and dialed Plaintiff's and the Class members' telephone numbers.

22.     Defendant's unsolicited text message caused Plaintiff actual harm, including

invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

Defendant's text message also inconvenienced Plaintiff and caused disruption to his daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

23.     Plaintiff brings this lawsuit as a class action on behalf of himself individually and

on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil

Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of

class and defined as:

> **No Consent Class: All persons in Florida who, (1) were sent a
> telephonic sales call regarding Defendant's goods and/or
> services, (2) using the same equipment or type of equipment
> utilized to call Plaintiff.**
>
> **Do Not Call Registry Class: All persons in the United States who
> from four years prior to the filing of this action (1) were sent a
> call or text message by or on behalf of Defendant; (2) more than
> one time within any 12-month period; (3) where the person's
> telephone number had been listed on the National Do Not Call
> Registry for at least thirty days; (4) for the purpose of selling
> Defendant's products and services; and (5) for whom Defendant
> claims (a) it did not obtain prior express written consent, or (b)
> it obtained prior express written consent in the same manner as
> Defendant claims it supposedly obtained prior express written
> consent to call the Plaintiff.**

24.     Defendant and its employees or agents are excluded from the Class. Plaintiff does

not know the number of members in the Class but believes the Class members number in the

several thousands, if not more.

### NUMEROSITY

25.     Upon information and belief, Defendant has placed automated calls to cellular

telephone numbers belonging to thousands of consumers throughout the United who are listed on

the national do-not-call registry without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

26.    The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

27.    There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendant initiated telephonic sales calls to Plaintiff and the Class members;

(b) Whether Defendant can meet its burden of showing that it had prior express written consent to make such calls;

(c) Whether Defendant violated 47 C.F.R. § 64.1200(c);

(d) Whether Defendant's conduct was knowing and willful;

(e) Whether Defendant violated the privacy rights of Plaintiff and members of the class;

(f) Whether Defendant is liable for damages, and the amount of such damages; and

(g) Whether Defendant should be enjoined from such conduct in the future.

28.    The common questions in this case are capable of having common answers.  If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

## TYPICALITY

29.    Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

30.    Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

31.    A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

32.    The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
### <u>VIOLATION OF 47 U.S.C. § 227</u>
*Individually and on behalf of the Do Not Call Registry Class*

33.     Plaintiff re-alleges and incorporates paragraphs 1-32 as if fully set forth herein.

34.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

35.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[2]

36.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

37.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

38.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry

---

[2] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

39.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

40.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

**COUNT II**
**Violations of Fla. Stat. § 501.059**
*Individually and on Behalf of the No Consent Class*

41.     Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 32 as is fully set forth herein.

42.     It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

43.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will

or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(g).

44.     "Prior express written consent" means an agreement in writing that:

1.  Bears the signature of the called party;

2.  Clearly authorizes the person making or allowing the placement of a telephonic sales call by telephone call, text message, or voicemail transmission to deliver or cause to be delivered to the called party a telephonic sales call using an automated system for the selection or dialing of telephone numbers, the playing of a recorded message when a connection is completed to a number called, or the transmission of a prerecorded voicemail;

3.  Includes the telephone number to which the signatory authorizes a telephonic sales call to be delivered; and

4.  Includes a clear and conspicuous disclosure informing the called party that:

    a.  By executing the agreement, the called party authorizes the person making or allowing the placement of a telephonic sales call to deliver or cause to be delivered a telephonic sales call to the called party using an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called; and

    b.  He or she is not required to directly or indirectly sign the written agreement or to agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

Fla. Stat. § 501.059(1)(g).

45.     Defendant failed to secure prior express written consent from Plaintiff and the Class members.

46.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiff and the Class members without Plaintiff's and the Class members' prior express written consent.

47.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

48.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiff and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes, prays for the following relief:

(a)    An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

(b)    An award of actual and statutory damages for Plaintiff and each member of the Class;

(c)    An order declaring that Defendant's actions, set out above, violate the TCPA;

(d)    An order declaring that Defendant's actions, set out above, violate the FTSA;

(e)    An injunction requiring Defendant to cease all unsolicited text messaging and calling activity, and to otherwise protect the interests of the Class;

(f)    Such further and other relief as the Court deems necessary

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: September 19, 2022

**Shamis & Gentile, P.A.**
/s/ Andrew J. Shamis
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
/s/ Garrett O. Berg
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Avenue, Suite 705
Miami, FL 33132
Telephone: 305-479-2299

**Edelsberg Law, P.A.**
Scott Edelsberg, Esq.
Florida Bar No. 0100537
Christopher Gold, Esq.
Florida Bar No. 088733
scott@edelsberglaw.com
chris@edelsberglaw.com
20900 NE 30th Ave., Suite 417
Aventura, FL 33180
Office: (786) 289-9471
Direct: (305) 975-3320
Fax: (786) 623-0915

*Counsel for Plaintiff and the Class*